IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE STRATTON,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN C. MARSHALL, Warden, CMC,<br><br>    Respondent.<br>_____/ | No. C 07-0431 CW<br><br>ORDER DENYING MOTIONS TO VACATE JUDGMENT AND FOR ABEYANCE; GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL |

    On February 14, 2007, Petitioner Monte Stratton, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the denial of annual parole suitability hearings by the California Board of Parole Hearings (Board).  On June 22, 2009, the Court denied the petition.  Petitioner now moves the Court to hold his federal proceedings in abeyance while he exhausts state remedies.  In order to hold proceedings in abeyance, the Court would first have to vacate its judgment on the petition. Therefore, the Court construes Petitioner's motion as a motion,

pursuant to Federal Rule of Civil Procedure 60(b)[1], to vacate the judgment.  Petitioner also moves, pursuant to Federal Rule of Appellate Procedure 4(a)(5), for an extension of time to file a notice of appeal.

Having considered all of the papers filed, the Court DENIES the motions to vacate judgment and to hold proceedings in abeyance and GRANTS the motion for an extension of time to file a notice of appeal.

## BACKGROUND

In his petition for a writ of habeas corpus, Petitioner argued that, as applied to him, changes to California Penal Code Section 3041.5(b)(2), enacted after the commission of the murder for which he was convicted and allowing the Board to postpone subsequent parole hearings for up to five years rather than holding them annually, constitute an ex post facto law barred by Article I, Section 10 of the United States Constitution.  The United States Supreme Court addressed whether post-conviction changes in the frequency of parole suitability hearings constitute ex post facto laws in California Deptartment of Corrections v. Morales, 514 U.S. 499 (2000), and Garner v. Jones, 529 U.S. 244 (2000).  In its order denying the petition, this Court determined that the changes in the frequency of parole suitability hearings that were at issue in

---

[1] Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment, but the motion must be filed no later than ten days after the entry of judgment.  Because Petitioner's instant motion was filed on July 20, 2009, more than ten days after judgment was entered on June 22, 2009, judgment could not be vacated pursuant to Rule 59(e).

2

Petitioner's case did not violate the guidelines established by Morales and Jones.

Petitioner also argued that his circumstances had changed such that he would now be found suitable for parole. The Morales Court noted that it was the Board's practice to review requests for expedited parole suitability hearings for merit and that "'the Board could advance the suitability hearing.'" Morales, 514 U.S. at 512 (quoting In re Jackson, 39 Cal.3d 464, 475 (1985)). In its order, this Court found that Petitioner had not exhausted his state remedies for a change in circumstances because Petitioner had never requested an expedited suitability hearing from the Board. It is to exhaust this state remedy that Petitioner now requests abeyance.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a motion for relief from a judgment may be granted. These grounds are: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly-discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.

## DISCUSSION

I.  Motions to Vacate Judgment and for Abeyance

Of the grounds for relief from a judgment under Rule 60(b), only Rule 60(b)(6) might apply to Petitioner's motion. Petitioner argues that relief from judgment is justified because, without the opportunity to exhaust state remedies, the unexhausted claim may be forfeited because the statute of limitations has tolled.

3

The claim of changed circumstances was not a separate ground upon which Petitioner argued for a writ of habeas corpus. Rather, it was advanced to establish that the denial of annual parole suitability hearings was causing Petitioner actual harm. The Court, in denying the petition, declined to consider Petitioner's claim of changed circumstances because he had not sought relief from the Board in the first instance. As yet, there is no constitutional injury to Petitioner--due to the Board's failure to consider his changed circumstances--on which the statute of limitations may have begun to run. Thus, Petitioner will not be prejudiced if the judgment is left intact. If Petitioner suffers injury from the Board in its handling of his request for an expedited suitability hearing because of changed circumstances, he will be able to file a habeas petition based on that injury.

Accordingly, the Court denies the motions to vacate judgment and to hold these proceedings in abeyance.

II.   Motion for Extension of Time to File an Appeal

In the circumstances of this case, Federal Rule of Appellate Procedure 4(a)(5) allows for an extension of time to sixty days following entry of judgment, which would be August 21, 2009, or up to ten days after an order granting extension of time, whichever is later. Petitioner's motion, pursuant to Federal Rule of Appellate Procedure 4(a)(5), for an extension of time to file an appeal is timely made. Petitioner requests the extension of time because he had problems scheduling time in the prison law library. The Court finds this to be good cause for an extension of time. Accordingly, the Court grants Petitioner's motion.

4

CONCLUSION

For the foregoing reasons, the motions to vacate the Court's judgment and for abeyance to exhaust state remedies are DENIED. (Docket No. 21.)  The motion for extension of time to file an appeal is GRANTED.  (Docket No. 21.)  Petitioner may file a notice of appeal within ten days of the date of this order.

Dated: 8/21/09

CLAUDIA WILKEN
United States District Judge

5